IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANCIS S. MESTETH, | ) | |
| | ) | |
| Petitioner, | ) | 4:07CV3096 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON, | ) | MEMORANDUM AND ORDER ON |
| | ) | RESPONDENT'S MOTION FOR |
| Respondent. | ) | SUMMARY JUDGMENT |
| | ) | |

On April 10, 2007, Francis S. Mesteth filed a petition for a writ of habeas corpus. (See filing 1.) See also 28 U.S.C. § 2254. After conducting an initial review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, I ordered the respondent, Robert Houston, to "answer or otherwise respond to the § 2254 petition." (See filing 3.) The respondent has filed a motion for summary judgment. (See filing 5.) For the following reasons, I find that the respondent's motion must be granted.

## I.    BACKGROUND

The petitioner is an inmate presently confined in the respondent's custody. (See filing 1 at 1.) In October 2002, the petitioner pleaded guilty to charges of "Failure to Appear" (in Case No. CR02-24) and "Driving Under the Influence" (in Case No. CR02-25) in the District Court of Sheridan County, Nebraska. (Filing 1 at 1; see also Designation of State Court Records (R.), filing 4, Attach. 1 at 1; id., Attach. 2 at 1.) On December 3, 2002, the district court sentenced the petitioner to terms of incarceration between twenty months and five years in each case, with the sentences to run consecutively. (See R., filing 4, Attach. 3 at 1.) The petitioner did not file a direct appeal in either case. (See id., Attach. 1 at 1-4; id., Attach. 2 at 1-4.)

On February 16, 2005, the petitioner filed a motion for post-conviction relief in Case Nos. CR02-24 and CR02-25. (See R., filing 4, Attach. 1 at 4; id., Attach. 2 at 4; id., Attach. 4.) The District Court of Sheridan County denied the petitioner's motion on March 18, 2005, (see id.,

Attach. 5), and the petitioner did not appeal this ruling, (see filing 1 at 3).

On September 6, 2005, the petitioner filed a second motion for post-conviction relief in Case No. CR02-24, (see R., filing 4, Attach. 6), and on September 19, 2005, the petitioner filed yet another motion for post-conviction relief referencing Case Nos. CR02-24 and CR02-25. (See id., Attach. 7.)[1] On November 1, 2005, the District Court of Sheridan County filed a journal entry in Case Nos. CR02-24 and CR02-25 denying the petitioner's "second" motion for post-conviction relief. (See id., Attach. 8.)[2] The petitioner did not appeal this ruling. (See filing 1 at 3.)

On April 10, 2007, the petitioner filed the instant petition for a writ of habeas corpus. (See filing 1.) His petition raises four separate grounds for relief. (See id. at 5-6.) First, the petitioner alleges that his guilty plea was coerced; more specifically, he states that "counsel told me one case was dismissed and gave me a court document stating such," and "I was told my plea would result in a one year sentence." (Id. at 5.) Second, he alleges a "failure to disclose" on the part of the prosecution. (Id. at 6.) In support of this claim, the petitioner states that his "counsel did not have information of the second charge as prosecution stated on the record it was dismissed, yet I was sentenced on it." (Id.) Third, he alleges a "double jeopardy" violation, stating, "I was sentenced to incarceration on a charge which was dismissed." (Id.) Finally, he alleges that his counsel provided ineffective assistance. (See id.) Specifically, he states that "counsel failed to object to the sentencing on a dismissed charge," and "[h]e further failed to file a notice of appeal and simply abandoned my case." (Id.)

---

[1]The motion filed on September 19, 2005, references Case Nos. CR02-24, CR02-25, and CR99183. (R., filing 4, Attach. 7.) This motion was filed in Case No. CR02-24, but the records indicate that it was not filed in Case No. CR02-25. (See id., Attach. 2.) No information concerning Case No. CR99183 appears in the materials before me.

[2]The journal entry does not specifically indicate whether it addresses the motion filed on September 6, the motions filed on September 19, or all of these motions. The docket sheet in Case No. CR02-24 suggests, however, that the hearing on the September 6 motion was consolidated with the hearing on the September 19 motion. (See R., filing 4, Attach. 1 at 2-3.) Therefore, I find that the journal entry filed on November 1, 2005, disposed of all of the petitioner's pending motions for post-conviction relief in Case Nos. CR02-24 and CR02-25.

## II.   STANDARD OF REVIEW

A motion for summary judgment shall be granted by the court when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  See also Lamp v. State of Iowa, 122 F.3d 1100, 1104 (8th Cir. 1997); Rule 11 Governing Section 2254 Cases in the United States District Courts (providing that the Federal Rules of Civil Procedure may be applied in § 2254 proceedings "to the extent that they are not inconsistent with any statutory provisions or these rules").  In determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party.  Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970).  If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, then the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The nonmoving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986), and "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial," id. at 256 (citing Fed. R. Civ. P. 56(e)).

## III.   ANALYSIS

The respondent argues first that the petitioner did not file his application for federal habeas corpus relief within the applicable limitations period.  (See filing 6 at 3-5.)  I agree.

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment."  Lawrence v. Florida, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)).  This one-year limitation period runs from the latest of the following dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

            (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

            (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

     The petition was not filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  As noted above, the district court's sentencing order was filed on December 3, 2002, and the petitioner did not seek further direct review of his convictions or sentences.  The time for seeking direct review expired thirty days after December 3, 2002, which was January 2, 2003.  See State v. Vela, 721 N.W.2d 631, 634 (Neb. 2006) (stating that the final judgment in a criminal case is the sentence); In re Interest of J.A., 510 N.W.2d 68, 71 (Neb. 1994) ("A notice of appeal . . . must be filed within 30 days of the date the order was entered on the journal of the trial court."); Neb. Rev. Stat. Ann. § 25-1912(1) (LexisNexis 2004).  Therefore, the one-year limitations period specified in § 2244(d)(1)(A) began to run on January 3, 2003, and expired on January 3, 2004.  Although the days during which the petitioner's motions for state post-conviction relief were pending might have been excluded from the computation of the § 2244(d)(1)(A) deadline, in this case the petitioner did not file his first motion for state post-conviction relief until February 16, 2005, which is more than thirteen months after the expiration of the limitations period.  Therefore, the tolling provision set forth in § 2244(d)(2) does not avail the petitioner.  See Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853-55 (8th Cir. 2003); Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001).

     The petition was not filed within one year of the date specified in § 2244(d)(1)(A), and there is no indication that the petition was filed within one year of the dates specified in § 2244(d)(1)(B), (C) or (D).  Therefore, I find that the petition was not filed timely, and it must be dismissed.

In opposition to the respondent's motion for summary judgment, the petitioner argues that his failure to file the petition in good time should be excused because his trial counsel provided ineffective assistance, he is "actual[ly] innocent," and he was under the mistaken belief that his trial counsel was "still working on obtain[]ing his release." (See generally filing 7.) I interpret the petitioner's argument to be that, for the reasons stated in his brief, the limitations period ought to be "equitably tolled." The Eighth Circuit has held that the one-year statute of limitations on habeas petitions is subject to equitable tolling. E.g., Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004).

> Equitable tolling is appropriate when (1) extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or (2) when conduct of the defendant has lulled the prisoner into inaction. [Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).] The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002). Because the doctrine is reserved for extraordinary circumstances, it gives the plaintiff an "exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

Shoemate, 390 F.3d at 597. In addition, "[e]quitable tolling should only apply where the petitioner . . . has demonstrated diligence in pursuing the matter." United States v. Martin, 408 F.3d 1089, 1095 (8th Cir. 2005) (citing Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004)). I shall consider each of the plaintiff's arguments to determine whether, in light of the foregoing standards, there is a genuine issue that equitable tolling is warranted.

The plaintiff's claims of ineffective assistance of counsel and actual innocence are intertwined. He argues that his trial counsel "committed gross negligence in allowing petitioner . . . to be placed in jeopardy twice," in violation of the Sixth Amendment. (Filing 7 at 1.) His double jeopardy claim is based upon an assertion that he is serving a sentence "previously dismissed by the court," and he claims that "[t]he previously dismissed charge legally declared [him] innocent." (Id. at 1, 2.) In other words, I take the petitioner's argument to be that his counsel was ineffective for allowing him to be sentenced on a charge that had been dismissed, and that the dismissal of the charge established his actual innocence on that charge. This argument cannot justify equitable tolling. The petitioner knew, or should have known, of the

5

factual basis of his claims of actual innocence and ineffective assistance of counsel no later than December 3, 2002, but he waited more than two years before seeking post-conviction relief in state court. Furthermore, although he clearly knew of the factual basis of his claims at the time of the filing of his first motion for post-conviction relief, (see R., filing 4, Attach. 4), two more years passed between the denial of this motion and the filing of the instant petition on April 10, 2007. It is true that the petitioner filed two additional state post-conviction motions prior to April 10, 2007; however, more than seventeen months elapsed between the denial of these motions and the filing of the instant petition. There is no indication that there were extraordinary circumstances beyond the petitioner's control that made it impossible for him to file his petition on time, nor is there any suggestion that the state lulled the petitioner into inaction. "In these circumstances, equitable tolling does not lie." Baker v. Norris, 321 F.3d 769, 772 (8th Cir. 2003). See also United States v. Martin, 408 F.3d 1089, 1093-95 (8th Cir. 2005) (stating that ineffective assistance attributable to negligence or mistake generally will not warrant equitable tolling); Flanders v. Graves, 299 F.3d 974, 976-78 (8th Cir. 2002) (rejecting argument that actual innocence warranted equitable tolling when petitioner cited no circumstances that prevented him from discovering the underlying facts soon enough to file a timely petition); Sanders v. Symmes, No. 06-4854, 2007 WL 627853, at *3 (D. Minn. 2007) (holding that ineffective assistance claim cannot excuse petitioner's failure to file a timely petition where the petitioner failed to allege that the facts supporting his ineffective assistance claim were not available to him before the end of the one-year limitation period).

The petitioner also argues that he "had no belief he was on his own," and he "believed his legal counsel was still working [to obtain] his release." (Filing 7 at 3.) He adds, "In the instant case petitioner was told he was being appointed counsel to protect his rights, and to ensure a fair and proper hearing, [and] as any 6th grade educated child would expect, petitioner[,] although a child in a man's body, trusted the system to protect him from any injustice." (Id.) Even if I were to assume, however, that the petitioner's trial counsel abandoned him utterly, and even if I were to assume that this abandonment amounted to an "extraordinary circumstance," equitable tolling would not be warranted in this case. As I noted above, equitable tolling is not available unless a petitioner demonstrates due diligence in pursuing his claims. See United States v. Martin, 408

F.3d 1089, 1095 (8th Cir. 2004) (citing <u>Schlueter v. Varner</u>, 384 F.3d 69, 77 (3d Cir. 2004)). This is true even if counsel has engaged in "egregious misconduct." <u>See</u> <u>id.</u> at 1093-96.  In this case, there is no genuine issue that the petitioner failed to exercise due diligence under the circumstances.  Indeed, even if all of the time between the petitioner's sentencing and the resolution of his state post-conviction motions were excluded from the calculation of the limitations period on the ground that the petitioner reasonably believed that his counsel was continuing to work on his behalf,[3] the petitioner delayed the filing of the instant petition for an additional seventeen months.  The petitioner has offered no explanation for this delay.

The petition was not filed within the time limits specified in 28 U.S.C. § 2244(d), and equitable tolling is not appropriate in this case.

**IT IS THEREFORE ORDERED** that the respondent's motion for summary judgment, filing 5, is granted.

Dated July 5, 2007.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

---

[3]I note parenthetically that the petitioner could not have reasonably believed that his trial counsel was continuing to represent him on February 16, 2005, when the petitioner filed his own state post-conviction motion arguing that counsel provided ineffective assistance.  (<u>See</u> R., filing 4, Attach. 4.)