IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANCIS S. MESTETH, | ) |
| Petitioner, | ) 4:07cv3096 |
| vs. | ) MEMORANDUM AND ORDER |
| ROBERT HOUSTON, | ) |
| Respondent. | ) |

This matter is before the court on filing no. 11, the Notice of Appeal filed by the petitioner, Francis S. Mesteth. The petitioner appeals the judgment (filing nos. 9 and 10) dismissing his Petition for Writ of Habeas Corpus ("§ 2254 petition"). Also before the court is filing no. 13, a Memorandum from the Clerk of Court advising that the plaintiff has not paid the appellate filing fee of $455.00, and has not filed a motion to proceed in forma pauperis (IFP) on appeal, an affidavit, or a certified copy of his inmate trust account for the six months preceding the Notice of Appeal. The petitioner did not proceed in forma pauperis on his habeas petition in this court.

Pursuant to 28 U.S.C. § 1915(a)(3), "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." See also Fed. R. App. P. 24(a)(3). If a district court determines that an appeal is not taken in good faith, the court shall, pursuant to Fed. R. App. P. 24(a)(2), state the reasons in writing.

The record in this case establishes that the petitioner's § 2254 petition was denied pursuant to 28 U.S.C. § 2244(d)(1) as untimely filed. The petitioner did not file direct appeals of his underlying state court convictions. He unsuccessfully filed a state motion for post-conviction relief more than two years after his latest state court conviction and sentence, and did not appeal this adverse ruling. He filed two additional state motions for post-conviction relief, both of which were denied on November 1, 2005. Neither of these rulings was appealed.

Petitioner's § 2254 petition was filed in this court on April 10, 2007. The petition was not filed within one year of "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review," and there is no indication that the petition was filed within one year of the dates specified in § 2244(d)(1)(B), (C) or (D).  There is no indication that there were extraordinary circumstances beyond the petitioner's control that made it impossible for him to file his petition on time, nor is there any suggestion that the state lulled the petitioner into inaction. The petitioner failed to diligently pursue his claims.  There is no basis for equitable tolling of the statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  The petitioner's § 2254 petition must be denied.

The petitioner's appeal of this ruling is not based on any rational argument in law or fact which would entitle him to relief, is plainly frivolous, and is therefore not filed in good faith.  See Neitzke v. Williams 490 U.S. 319, 326 (1989); Coppedge v. U.S., 369 U.S. 438, 445 (1962); Ellis v. U. S. 356 U.S. 674, 674-75 (1958).  Since the appeal is not taken in good faith, the petitioner cannot file an appeal in forma pauperis.  See Fed. R. App. P. 24(a)(3) and 28 U.S.C. § 1915(a)(3).   If he is permitted to appeal this case, he must pay the $455.00 appellate filing fee.

However, before the petitioner may appeal the denial of his § 2254 petition, a Certificate of Appealability must issue.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2254 petition is governed by 28 U.S.C. § 2253(c), which states:

- (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;
    ....

- (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

- (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

2

28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), citing Barefoot v. Estelle, 463 U.S. 894 (1983) (which defined the pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Similarly, if the district court denies a § 2254 motion on procedural grounds without reaching the underlying constitutional claims on the merits, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . would find it debatable whether the district court was correct in its procedural ruling . . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." Id.

As previously explained herein, the petitioner's appeal is frivolous. Upon review and consideration of the record and the applicable law, the court concludes that the petitioner has failed to demonstrate that reasonable jurists would find this court's ruling debatable or wrong. For the reasons stated herein and in the Memorandum and Order dismissing the § 2254 petition, filing 9, the petitioner's request for a Certificate of Appealability must be denied.

THEREFORE, IT IS ORDERED:

1. The defendant may not proceed in forma pauperis on appeal because his

appeal is not taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3);

     2.    The petitioner's motion for a Certificate of Appealability, filing 11, is denied, but the petitioner may still seek a Certificate of Appealability from the Eighth Circuit Court of Appeals;

     3.    The Clerk of Court shall send a copy of this Memorandum and Order to the parties and the Eighth Circuit as notice that the plaintiff has been denied IFP status and has not paid the $455.00 appellate filing fee.

     DATED this   30th day of July, 2007.

                                    BY THE COURT:

                                    s/ Warren K. Urbom
                                    United States Senior District Judge